Peelle, Ch. J.,
delivered the opinion of the court:
The ruling of the acting comptroller in disallowing this claim was, for the reasons stated by him, correct. Time, as stated in the instructions to bidders, was an essential feature of the contracts, and for that reason the Government was willing to pay more for the work if completed within 50 working days than they were if completed within 70 working-days. Bidders were asked to make their bids accordingly, and the claimant company did so bid, fixing the higher price for the1 shorter time and the lower price for the longer time.
There were two contracts, both alike so far as this case is concerned, except as to the amount bid. The claimant company was notified under date of May 31,1904, of the approval of both contracts, and the work thereunder was completed August 9, 1904, and the claimant company was paid the lower price on the theory of the work having been completed within 70 working days from said date of notification of approval.
The contention on the part of the claimant is that the 50 working days did not begin to run until “ 10 days after notification of the approval of the contract,” which, as it claims, was June 10, 1904. The defendants contend that time for the completion of the work under both periods began to run on the day of notification of the approval of the contracts, which was May 31, 1904, and that counting that as the commencement, the work was not completed until the expiration of 59 working days (Sundays and holidays being excluded from the computation).
The provisions of the contracts respecting the time of the commencement of the work are essentially the same in each contract and are as follows:
“Art. 3. The work required by this contract shall be commenced within ten days after notification of its approval, and shall be completed within 70 working days thereafter.
“Art. 4. As stated in the instructions to bidders, time is an essential feature of this contract, and it is hereby expressly stipulated and agreed that the prices to be paid the party of the first part in consideration of the faithful performance of the stipulations of this contract are based upon the dispatch *319 with which the work contracted for shall be carried forward and completed, and these prices shall be as folloAvs:
“ For completion of the work within 50 working days after date of the notification of the approval of the contract, the sum of seven thousand one hundred and fifty dollars and • — • cents.
“ For completion of the work on or before the date' fixed in article 3 for the completion of the contract, and after 70 working clays from the date of notification of the approval of the contract, the sum of six thousand nine hundred and seventeen dollars and — cents.
“Provided, however, That in making final settlement, based upon the date of completion of the work, the party of the first part shall receive credit for such delays as the Chief of Ordnance may determine to have been due to unavoidable causes, such as fires, storms, labor strikes, action of the United States, etc., and the date of completion shall be considered for the purposes of final settlement as the date of actual completion of the work less the delays due to said unavoidable causes.
“Art. 10. The stipulation in article 3 providing for the commencement of the work within a certain time shall not be held to apply to a contract providing for stipulated prices for completion at different dates.”
“Art. 13. If any doubts or disputes shall arise as to the meaning of anything in this contract, the matter shall. be referred to the Chief of Ordnance, U. S. Army, for determination, and his decision, except as otherwise specified, shall be final.”
As will be observed, by the terms of article 3 work under the contract was to “ be commenced within ten days after notification of its approval,” and was to be completed within 70 working days thereafter.
That, however, is a general provision respecting the ultimate completion of the work from a given date, whereas by article 4 the time for the completion of the work under both periods is specifically stated, i. e., “ for completion of the work within 50 working days after date of the notification of the approval of the contract, the sum of seven thousand one hundred and fifty dollars; ” and “ for completion of the ,work on or before the date fixed in article 3 for the completion of the contract, and after 70 working days from the date of notification of the approval of said contract the sum of six thousand nine hundred and seventeen dollars.” In other words, for the completion of the work on or before or within *320 “ 70 working days from the date of the notification of the approval of the contract ” the sum of $6,917. This latter, i. e., within 70 working days, was doubtless the meaning intended by the parties to the contract. But in any event article 10 in express terms provides that “ the stipulation in article 3 providing for the commencement of the work within a certain time shall not be held to apply to a contract providing for stipulated prices for completion at different dates.” Hence, as the contracts provide “ for stipulated prices for completion at different dates,” article 3 may be eliminated from the contract; and thus eliminating article 3 from the contract it follows that the work was to be completed “ within 50 working days after date of the notification of the approval of the contract,” as provided in article 4, to entitle the claimant to the higher price, or $7,150.
The claimant company, however, supports its contention that the work was completed within 50 working days on the interpretation of the contract after its execution and before work began, by Lieutenant-Colonel Smith, the officer who had signed the contract on behalf of the United States. That is to say, after the claimant company had received its notice of the approval of the contract and before work began a question arose as to when the 50 working days began to run, and the officer named decided that under article 3, aforesaid, the 50 and 70 working days, respectively, began to run from June 10 instead of May 31, or at the expiration of 10 days from the date of notification of the approval of the contract, and this interpretation was relied upon by the claimant company without referring the question to the Chief of Ordnance, U. S. Army, whose determination in case of doubts or disputes under article 13 of the contract, it was provided, “ shall be final.”
Since the contract provided .that “ any doubts or disputes ” arising as to the meaning of anything therein should be submitted to the Chief of Ordnance, U. S. Army, the Government was entitled to the decision of that officer; and as the claimant company neglected to submit the question it is in no condition to complain, though its officers and agents acted in good faith in relying upon the interpretation of Lieutenant-Colonel Smith.
*321 A provision in the specifications made part of the contracts respecting the meaning and intent of the drawings and specifications under which the claimant company was to furnish the material and complete the work provided that “ the architect shall be the interpreter, and his decision in any and all cases shall be final, subject to that of the commanding officer.” This provision, however, has reference to the meaning and intent of the drawings and specifications during the work, and not to the time of the commencement or completion of the work.
As the claimant’s bid for the higher price was specifically stated in article 4 of the contract to be “ for completion of the work within 50 working days after date of the notification of the approval of the contract,” and the work was not completed within that time, the claimant was not entitled to the higher price. Nor is the claimant company aided in its contention that under the proviso to article 4, set out above, it was entitled to credit for delays due to unavoidable causes, for conceding, without deciding, that after the contract was executed and the work paid for the claimant could apply for and receive credit for delays so caused, the chief of ordnance, whose right it was, assuming his authority so continued after the execution of the contract, determined that the claimant was entitled only to 5 days.
The authorities cited by the claimant company, to the effect that prior negotiations may be considered when necessary to ascertain the meaning of doubtful provisions in a contract are not applicable here, for while there may have been some doubt as to when the work was to begin there could be none as to what officer was designated to determine the question.
Where the language of a contract is indefinite or ambiguous, and therefore of doubtful construction,the practical interpretation by the parties is entitled to great, if not controlling, influence; but as no such conditions are shown to have existed in this case during the progress of the work, the authorities cited by the claimant company on that point are not applicable.
For the reason stated the petition must be dismissed, which is accordingly done.